IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LEWIS PRICE III,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF RED LODGE,<br>MONTANA, et al.,<br><br>Defendants. | CV 14-00058-BLG-SPW-CSO<br><br>ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

Plaintiff Lewis Price has moved for leave to proceed in forma pauperis in this action alleging violations of his due process rights in connection with the City Court of Red Lodge's issuance of a Permanent Order of Protection. Price is a state prisoner incarcerated at the Montana State Prison in Deer Lodge, Montana.

I. MOTION TO PROCEED IN FORMA PAUPERIS

Price submitted a declaration and account statement sufficient to make the showing required by 28 U.S.C. § 1915(a). *ECF 1.* The request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Price is required to pay the

-1-

statutory filing fee of $350.00.  Price submitted an account statement showing average monthly deposits of $155.46 over the six-month period between November 1, 2013 and May 7, 2014.  Therefore, an initial partial filing fee of $31.09 will be assessed by this Order.  28 U.S.C. § 1915(b)(1)(B) (allowing an assessment in the amount of 20% of the prisoner's average monthly deposits).  A separate order will direct the agency having custody of Price to collect the initial partial filing fee from his prison account and forward it to the Clerk of Court.

Thereafter, Price must make monthly payments of 20% of the preceding month's income credited to his prison trust account.  The percentage is set by Congress and cannot be altered.  28 U.S.C. § 1915(b)(2).  A separate order will direct the agency having custody of Price to forward payments from his account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A

Because Price is a prisoner proceeding in forma pauperis, his Complaint is subject to screening under 28 U.S.C. §§ 1915, 1915A.

These sections allow for the dismissal of a pro se complaint before it is served on the defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." *Erickson v. Pardus*, 551, U.S. 89 (2007); *Cf.* Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

Although the statute requires a dismissal for the reasons stated,

the district court may grant leave to amend. *Lopez v. Price*, 203 F.3d 1122, 1127 (9th Cir. 2000). The court can deny leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

III. STATEMENT OF THE CASE

A. Parties

Price is a state prisoner currently incarcerated at the Montana State Prison in Deer Lodge, Montana. He names the City of Red Lodge, Montana; Carbon County Montana; Jane/John Doe, Clerk at the Red Lodge City Court; Jane/John Doe, Clerk/Paralegal, Carbon County Attorney's Office; Jane/John Doe Clerk/Law Enforcement at the Carbon County Sheriff's Office; Jane/John Doe, Clerk/Law Enforcement at the City of Red Lodge/Carbon County, Montana; and the Red Lodge Police

as defendants. *ECF 2–Complaint at 1, 5.*

B. Factual Background[1]

Price was convicted of assaulting Tabitha Olson with a stun gun on April 12, 2005. The conviction was affirmed on appeal. *State v. Price*, 339 Mont. 399, 171 P.3d 293 (Mont. 2007). Shortly after the assault, on April 14, 2005, the Red Lodge City Court issued Ms. Olson a Temporary Order of Protection prohibiting Price from interacting with her and a number of other people, including Price's minor child, and from going within 1500 feet of two businesses. The Temporary Order was set to expire on May 5, 2005. *ECF 2-1 at 19: Price Affidavit ¶1.*

At the time the Order of Protection was issued, Price was incarcerated at the Yellowstone County Detention Center. While incarcerated, he wrote to the Red Lodge City Court several times objecting to his daughter and the other people being included on the order of protection. Before the hearing on the order of protection, Price

---

[1] Price's Complaint provides little factual background regarding his allegations but refers to 71 pages of exhibits which are attached to the Complaint. *ECF 2: Complaint at 6.* The Court makes no findings of fact herein but for purposes of this Order, the recited factual allegations presented in Price's Complaint and in the documents attached to his Complaint are presumed true.

was moved to the Anaconda Deer Lodge County Jail. While there, Price wrote letters and called the Red Lodge City Court to make sure they knew of his whereabouts and to request transport to Red Lodge for the hearing. Price was not transported and was not present at any hearing on the Order of Protection. *ECF 2-1 at 19: Price Affidavit ¶ 2-6.* He was later advised by his attorney that Ms. Olson failed to appear for the hearing and therefore the Order of Protection expired on May 5, 2005. *ECF 2-1 at 19: Price Affidavit ¶ 7.* Price was never served with a permanent Order of Protection. *ECF 2-1 at 39: Price's S.Crt Opening Appellant Brief at 3.*

At Price's criminal sentencing in June 2009, the State described the Order of Protection as being titled a "permanent order of protection" but also saying that it expired on May 5, 2005 at 5:00 p.m. The sentencing court concluded and the prosecutor agreed that there had been an order of protection but it had expired. *ECF 2-1 at 6: June 11, 2009 Sentencing Hearing Transcript, p. 38, lines 12-24.*

On December 6, 2012, Price first became aware that a permanent Order of Protection was entered on the National Crime Information

NCIC. *ECF 2–Complaint at 6.* On that date, he wrote a letter to the Carbon County Attorney, Alex Nixon, asking that the Order of Protection be removed from NCIC. *ECF 2-1 at 13: Dec. 6, 2012 Letter from Price to Nixon.*

Price filed a Motion to Dismiss the Order of Protection and to Correct information on NCIC in the Red Lodge City Court on March 6, 2013. On March 13, 2013, the City Court denied Price's motion, finding "no evidence of or support for Mr. Price's contention that the Order of Protection in question has expired" and that there was "no merit in the claim asserted." *ECF 2-1 at 18: May 20, 2013 Order dismissing Appeal.*

Price contends he did not receive a copy of the March 13, 2013 Order. He alleges that on April 10, 2013, after he did not receive a timely response to his motion, he wrote a letter to the City Court asking for a ruling. On April 19, 2013, Price received a response from the Red Lodge City Court and a copy of the Court's March 13, 2013 Order denying his motion. *ECF 2-1 at 22: Price Affidavit filed in Support of Out of Time Appeal of Red Lodge City Court's Failure to*

*Dismiss Cause No. CV-2005-13-OP).*

Price sent a notice of appeal to the Carbon County District Court on April 21, 2013, but it was returned by the Clerk of Court on April 25, 2013, because it was filed in the wrong court. *ECF 2-1 at 15: April 25, 2013 letter from Carbon County Clerk); ECF 2-1 at 22: Price Affidavit at ¶ 8.* Price re-mailed the notice of appeal to the Red Lodge City Court and his notice of appeal was filed on May 3, 2013. *ECF 2-1 at 22: Price Affidavit at ¶ 8; ECF 2-1 at 16: May 3, 2013 letter from Carbon County Clerk.*

On May 20, 2013, Carbon County District Judge Blair Jones issued an Order dismissing Price's Notice of Appeal of Red Lodge City Court's Failure to Dismiss or Amend Order of Protection. *ECF 2-1 at 18: May 20, 2013 Order dismissing Appeal.* The district court found that Price's May 3, 2013 appeal was untimely because the time to appeal the March 13, 2013 City Court Order expired on April 12, 2013. *ECF 2-1 at 17-18: May 20, 2013 Order Dismissing Appeal*.

Price filed a Notice of Appeal in the Montana Supreme Court on June 18, 2013. *Olson v. Price*, Montana Supreme Court Case No. DA

13-0413.  He filed his opening brief on July 24, 2013, but on August 10, 2013, he filed a Motion to Dismiss his Appeal without Prejudice.  *ECF 2-1 at 53:  Motion to Dismiss*.  The Motion indicated that his minor child had been removed from the custody of Ms. Olson and since those issues were inextricably intertwined with the issues in the appeal, "it would only be fair to allow the lower Courts the opportunity to address the mental, emotional, and physical torture . . . endured by this Respondent and Appellant's minor child."  *ECF 2-1 at 53:  Motion to Dismiss Appeal*.  Price's Motion was granted on August 27, 2013, and the appeal was dismissed without prejudice.  *ECF 2-1 at 54:  S.Ct Order*.

On March 5, 2014, Price filed a petition for out-of-time appeal with the Montana Supreme Court seeking to again appeal the May 2013 district court order dismissing his appeal from the City Court order refusing to dismiss the 2005 permanent order of protection.  The Montana Supreme Court denied the petition.  *ECF 2-1 at 70-71:  S.Crt Order dated March 25, 2014*.  This action was filed May 13, 2014.  *ECF 2–Complaint.*

C. Allegations

Price alleges that the Jane/John Doe Clerk of the Red Lodge City Court failed to notify of him of and arrange to transport him to the hearing (presumably the May 2005 hearing on the Order of Protection), failed to send him timely notice of court rulings, and conspired with others in the Carbon County Attorney's office. He alleges the Jane/John Doe in the Red Lodge City Law Enforcement conspired to deprive him of his constitutional rights by entering eleven names and businesses into NCIC without due process of law. He alleges Jane/John Doe in the Carbon Count Sheriff's Office conspired to deprive him of his constitutional right by failing to serve the order of protection on him and by conspiring to enter information into NCIC thus prohibiting Price from free speech, his right to due process, his right to contact and parent his child, the right to travel and to be free of cruel and unusual punishment and the right to a hearing. *ECF 2–Complaint at 6*.

D. Relief Requested

Price is asking that the Order of Protection be vacated and dismissed and the information regarding the Order be removed from

NCIC, for compensatory damages, fees, costs, and that all persons involved be charged with conspiracy. *ECF 2–Complaint at 7.*

IV. ANALYSIS

Federal district courts do not have the power of appellate jurisdiction over state court judgments. *See* 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). The *Rooker– Feldman* doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment. *Skinner v. Switzer*, ___ U.S. ___, 131 S.Ct. 1289, 1297, 179 L.Ed.2d 233 (2011).[2]

This jurisdictional bar extends to actions that are de facto appeals from state court judgments in that the federal claims "are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural

---

[2]The *Rooker–Feldman* doctrine derives its name from two United States Supreme Court cases: (1) *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and (2) *Rooker v. Fidelity Trust Company*, 263 U.S. 413 (1923).

rules." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008).

The *Rooker–Feldman* doctrine precludes federal subject-matter jurisdiction over claims involving state court judgments when four factors are met. First, the plaintiff must have lost in the state court. Second, the state court judgment must have been rendered before the filing of the federal claim. Third, the plaintiff must complain of injuries caused by the state court judgment. Finally, the plaintiff's complaint must invite the district court to review and reject the judgment of the state court. *Exxon Mobil Corp.*, 544 U.S. at 284.

"Rooker–Feldman thus applies only when the federal plaintiff both asserts as [his] injury legal error or errors by the state court and seeks as [his] remedy relief from the state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004).

Here Price lost in state court prior to filing of this case. The Red Lodge City Court Order of Protection was entered in May 2005 and upheld by order of the City Court on March 13, 2013. His alleged injury (the entry of the order of protection on NCIC) is caused by the

City Court's Order of Protection. Any claims regarding the failure to notify Price of the hearing, failing to transport him to that hearing, failing to notify him of court rulings, entry of the order on NCIC, etc. are all inextricably intertwined with the City Court's Order of Protection and the orders upholding that order. For his relief, Price is asking that the Order of Protection be vacated. That is something this Court does not have jurisdiction to do. Price's claims are barred by the *Rooker-Feldman* doctrine. This Court does not have jurisdiction over this matter and it should be dismissed.

Based upon the foregoing, the Court issues the following:

ORDER

1. Price's Motion to Proceed in Forma Pauperis (*ECF 1*) is granted. The Clerk shall edit the text of the docket entry for the Complaint (*ECF 2*) to remove the word "LODGED." The Complaint is deemed filed on May 13, 2014.

2. At all times during the pendency of this action, Price shall immediately advise the Court of any change of address. A failure to do so may result in the dismissal of the action for failure to prosecute.

Further, the Court issues the following:

RECOMMENDATIONS

1. Price's Complaint (*ECF 2*) should be dismissed for lack of subject matter jurisdiction.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact for proceeding in this Court.

NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Price may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[3] 28 U.S.C. §

---

[3] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 24th day of June, 2014.

/s/ Carolyn S. Ostby  
United States Magistrate Judge