IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



| | |
|---|---|
| LEWIS PRICE III,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF RED LODGE, MONTANA, et al.,<br><br>Defendants. | CV 14-58-BLG-SPW<br><br>ORDER |

Before the Court are the Findings and Recommendations submitted by United States Magistrate Judge Carolyn Ostby. Plaintiff Lewis Price III ("Price") timely objected. After conducting a *de novo* review, the Court respectfully disagrees with Judge Ostby's conclusions and rejects the Findings and Recommendations.

**I. Factual Background**

Aside from adding irrelevant facts, Price does not challenge Judge Ostby's recitation of the factual allegations. Therefore, the Court will only briefly summarize the relevant background to provide context. For purposes of this Order, these factual allegations are presumed true.

On April 12, 2005, Price was convicted of assaulting Tabitha Olson. (Doc. 4 at 5). Two days later, the Red Lodge City Court ("City Court") issued Ms. Olson a

1

Temporary Order of Protection ("TOP") prohibiting Price from interacting with Olson, his minor child, numerous other people, and from going within 1500 feet of two businesses in Red Lodge. (*Id.*; Doc. 2-1 at 24-25). The City Court set a hearing on the TOP for May 5, 2005. (Doc. 4 at 6).

The TOP document itself provided conflicting information. Despite being titled as a "permanent order of protection," the document provided that the order of protection expired on May 5, 2005. (*Id.*).[1] Price, who was incarcerated, was not transported to the City Court for the hearing scheduled for May 5. (*Id.*). Ms. Olson also did not appear at the hearing, so the City Court allowed the TOP to expire. (*Id.*).

Despite the fact that the TOP had expired, someone, at an unknown time, erroneously entered the TOP into the National Crime Information Center ("NCIC") as a permanent order of protection. (*Id.* at 6-7). Price learned of this on December 6, 2012. (*Id.* at 6). On March 6, 2013, Price filed a Motion to Dismiss the Order of Protection and to Correct Information on NCIC in the City Court. (*Id.* at 7). The City Court denied Price's motion, finding "no evidence of or support for Mr. Price's contention that the Order of Protection in question has expired" and that there was "no merit in the claim asserted." (*Id.*). Price appealed the City Court's

---

[1] This provided some confusion at Price's sentencing in June 2009. The State initially argued that it was a permanent order of protection, only to later concede upon further examination that it expired on May 5. (Doc. 2-1 at 5-6).

decision to the District Court. The District Court denied Price's appeal on the basis that it was not timely filed. (*Id.* at 8). The Montana Supreme Court rejected Price's appeal for the same reason. (*Id.* at 8-9).

Price filed the instant action asserting a myriad of claims under 42 U.S.C. § 1983 against numerous defendants. Of particular importance to this Court is Price's claim that one or more defendants entered an order of protection into NCIC without affording him due process of law. (Doc. 2 at 6). Construing the Complaint liberally, *see Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008), this is a § 1983 claim against one or more defendants for entering a non-existent permanent order of protection into NCIC in violation of his Fifth Amendment right to due process. For relief, Price requests, *inter alia*, this Court to order the removal of the protection order from NCIC, as well as compensatory damages, fees, and costs. (Doc. 2 at 7).

## II. Judge Ostby's Conclusions

Judge Ostby found that this action is a *de facto* appeal from the City Court's denial of Price's motion to vacate the order of protection. Judge Ostby concluded that the *Rooker-Feldman* doctrine precludes this Court's exercise of subject-matter jurisdiction over this action. In reaching her conclusion, Judge Ostby noted that Price is asking for the same relief here that he did from the City Court. She also found that the City Court caused Price's alleged injury by entering a permanent

order of protection, and that this Court is without authority to reverse a determination regarding the order of protection made by the City Court. On these bases, Judge Ostby recommended that this Court dismiss Price's Complaint.

**III. Analysis**

The *Rooker-Feldman* doctrine derives its name from the Supreme Court cases of *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "*Rooker-Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004). A *de facto* appeal occurs when the federal court claims are so "inextricably intertwined" with the state court's decision that adjudication of the federal action would undercut the state ruling. *Reusser v. Wachovia Bank N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). Underpinning the *Rooker-Feldman* doctrine is 28 U.S.C. § 1257, which only grants the Supreme Court appellate review of state court decisions. Since § 1257 only gives the Supreme Court appellate power over state courts, it impliedly prohibits appellate power over state courts in lower federal courts. *Kougasian*, 359 F.3d at 1139. *Rooker-Feldman* applies only when a federal plaintiff both: (1) asserts his injury was legal error by the state courts, and (2) seeks as his remedy relief from the state court judgment. *Id.* at 1136.

4

The Supreme Court has applied the *Rooker-Feldman* doctrine to dismiss a case only in the cases of *Rooker* and *Feldman* themselves. *Skinner v. Switzer*, 131 S. Ct. 1289, 1297 (2011). Since *Feldman* was decided, lower courts have construed the *Rooker-Feldman* doctrine "far beyond the contours of the *Rooker* and *Feldman* cases." *Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 283 (2005) (*See also Lance v. Dennis*, 546 U.S. 459, 468 (Stevens, J., dissenting) (stating that past few decades, the *Rooker-Feldman* doctrine "has produced nothing but mischief"). In *Exxon*, the Court clarified that the "narrow ground occupied by *Rooker-Feldman*" is confined to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. In other words, *Rooker-Feldman* is not triggered simply by entry of a state court judgment. *Id.* at 292.

This Court understands Judge Ostby's concern about effectively reversing the City Court's denial of Price's motion, especially since Price is requesting the same relief that he sought before the City Court. When determining whether an action is an impermissible *de facto* appeal, courts need to "pay close attention to the *relief* sought by the federal-court plaintiff." *Cooper v. Ramos*, 704 F.3d 772, 777-78 (9th Cir. 2012) (emphasis in original). Here, Price is not asking for relief

from the City Court's order, but is instead asserting an independent § 1983 claim against whoever is responsible for the entry of the order of protection into NCIC.

If a federal plaintiff presents an independent claim, the district court can exercise jurisdiction even if it presents the "same or a related question" that the parties litigated in state court. *Skinner*, 131 S. Ct. at 1297. *Rooker-Feldman* only bars actions where the asserted legal wrong is an allegedly erroneous decision by a state court; it does not bar action when the asserted legal wrong is an act by an adverse party. *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). If a federal plaintiff's claims were already effectively decided by a state court, the issue is best decided under state preclusion law principles. *Exxon*, 544 U.S. at 293.

This distinction is illustrated in the recent case of *Bell v. City of Boise*, 709 F.3d 890 (9th Cir. 2013). In *Bell*, the City of Boise passed ordinances ("Ordinances") that made it a misdemeanor to camp in a public area or sleep in a building without permission. The Plaintiffs, who were homeless, were either arrested or cited for violating the Ordinances. The Plaintiffs later sued Boise under § 1983, arguing that the Ordinances effectively criminalized homelessness and violated the Eighth Amendment. In addition to seeking an injunction enjoining enforcement of the Ordinances, the Plaintiffs "also sought an order (1) compelling the City of Boise authorities to seek expungement of the records of any homeless individuals unlawfully cited or arrested under the Ordinances, and (2) requiring the

reimbursement of any criminal fines or costs of incarceration paid by homeless individuals as a result of unlawful citations and arrests." *Id.* at 893-94 (internal quotation omitted).

As to the retrospective relief – the expungement of the records and reimbursement of previously paid fines – the district court concluded that the *Rooker-Feldman* doctrine barred their claim. The court stated that the relief sought was a *de facto* appeal of their city court convictions and would amount to an end-run around Idaho's appellate process. Since the Plaintiffs wanted the federal court to review and reject their convictions under the Ordinances, the district court dismissed that portion of their complaint under *Rooker-Feldman*. *Id.* at 895-96.

The Ninth Circuit reversed. The Court noted that *Rooker-Feldman* precludes jurisdiction only if the alleged injury was caused by a state court judgment. *Id.* at 897. However, if the legal wrong is asserted against an adverse party, then *Rooker-Feldman* does not bar jurisdiction. *Id.* "Thus, even if a plaintiff seeks relief from a state court judgment, such a suit is a forbidden de facto appeal only if the plaintiff *also* alleges a legal error by the state court." *Id.* (emphasis in original).

Accordingly, their claims for retrospective relief were not barred by *Rooker-Feldman*. *Id.* Although the Plaintiffs sought relief from damage caused by the state court judgments, the Plaintiffs did not allege that the state court committed

7

legal error. *Id.* Instead, the Plaintiffs claimed that Boise unconstitutionally enforced the Ordinances. *Id.* Since the Plaintiffs did not directly challenge the state court's factual or legal conclusions, their suit was not a *de facto* appeal and *Rooker-Feldman* was inapplicable. *Id.*

Here, Price asserts an independent cause of action against whoever wrongfully entered an order of protection into NCIC. Similar to *Bell*, Price is not directly attacking the City Court's denial of his motion. While he may be asking for the same relief that he sought from the City Court, he is not solely claiming that legal error by the City Court caused his injury. Price is alleging that a legal error committed by separate adverse parties caused his injury.

Accordingly, this action is not barred by the *Rooker-Feldman*. If Price is extending the same or similar arguments that he previously advanced before the City Court, then preclusion principles under Montana law may apply. However, this does not preclude this Court's exercise of jurisdiction over this case.

## IV. Conclusion

Accordingly, IT IS HEREBY ORDERED:

1. The Findings and Recommendations (Doc. 4) are REJECTED.

2. Pursuant to 28 U.S.C. § 636(b), this matter is referred back to Magistrate Judge Ostby.

DATED this 22nd day of August, 2014.

SUSAN P. WATTERS
United States District Judge