IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LEWIS PRICE III,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF RED LODGE, MONTANA, et al.,<br><br>Defendants. | CV 14-00058-BLG-SPW-CSO<br><br>ORDER DENYING MOTION REQUESTING DISQUALIFICATION AND MOTION TO ADMIT EVIDENCE |

Currently pending is Plaintiff Lewis Price's Motion Requesting Disqualification (*ECF 9*) and Motion to Admit Evidence (*ECF 10*). Each is addressed below.

**A. Motion Requesting Disqualification**

Price moves to disqualify the undersigned due to what he characterizes as reasonable questions regarding impartiality. Price does not provide any details or relevant facts to support his motion but states that he wishes to reserve the right to present that information in an appeal to the Ninth Circuit Court of Appeal. *ECF 9*.

The substantive standard for recusal is "whether a reasonable person with knowledge of all the facts would conclude that the judge's

1

impartiality might reasonably be questioned." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quotation omitted). *See* 28 U.S.C. §§ 144, 455. Ordinarily, the alleged bias must stem from an "extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 554-56, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994). "[J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Id*. "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.

On June 24, 2014, the undersigned recommended that this matter be dismissed based upon the *Rooker-Feldman* doctrine. *ECF 4*. Those recommendations were rejected and the case has now been served upon Defendants. *ECF 7, 8*. But these events do not establish bias. Price provides no evidence to support his motion and the Court is not aware of any basis on which to question the Court's impartiality in this matter. Thus, his motion must be denied.

## B. Motion to Admit Evidence

In his second motion, Price seeks to admit into evidence a demand letter sent to defendants in October 2013 requesting monetary damages and the removal of the order of protection at issue in this case from National Crime Information Center (NCIC). *ECF 10*.

The rules governing court procedure do not permit the filing of exhibits unless they are filed in support of a motion seeking specific relief from the Court or in support of a response brief. The Court does not act as a repository for the parties' evidence. Originals or copies of evidence should not be submitted until they come into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). At this point, the submission of evidence is premature. Price's motion will be denied without prejudice. Price may resubmit this evidence should it become relevant to a motion before the Court.

Accordingly, the Court issues the following:

**ORDER**

1. Price's Motion to Recuse (*ECF 9*) is denied.

2. Price's Motion to Admit Evidence (*ECF 10*) is denied without prejudice.

3. At all times during the pendency of this action, Price SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

DATED this 4th day of September, 2014.

       /s/ *Carolyn S. Ostby*
      United States Magistrate Judge