# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| LEWIS PRICE III,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF RED LODGE, MONTANA, et al.,<br><br>Defendants. | CV 14-00058-BLG-SPW-CSO<br><br>ORDER |

Plaintiff Lewis Price brings the current action alleging violations of his due process rights in connection with the City Court of Red Lodge's issuance of a Permanent Order of Protection. This matter has been referred to United States Magistrate Judge Carolyn Ostby for all pretrial proceedings. *See* Local Rule 72.2(a)(1). On September 2, 2014, Mr. Price filed a motion to recuse Judge Ostby (Doc. 9) and a motion to admit as evidence a demand letter previously sent to Defendants (Doc. 10). Judge Ostby denied both motions in an Order dated September 4, 2014. (Doc. 11.)

Mr. Price has now filed an "Objection and Motion for Rehearing" (Doc. 13) regarding Judge Ostby's September 4, 2014 Order. The filing has been construed as a motion for relief from a nondispositive pretrial order by a magistrate judge

1

pursuant to Federal Rule Civil Procedure 72(a), 28 U.S.C. § 636(b)(1)(A) and Local Rule 72.3.

The Court reviews a motion to reconsider a magistrate judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a). This standard is "significantly deferential" to the magistrate judge's judgment. *Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010) (internal citation omitted). "Questions of fact are reviewed under the deferential, clearly erroneous standard. Questions of law are reviewed under the non-deferential, de novo standard." *United States v. McConney*, 728 F.2d 1195, 1200, 1201 (9th Cir. 1984) *overruled on other grounds by Estate of Merchant v. Comm'r*, 947 F.2d 1390, 1392–93 (9th Cir. 1991). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997). A decision is contrary to law if it applies the wrong legal standard or neglects to consider all elements of the applicable standard. *See Hunt v. National Broadcasting Co.*, 872 F.2d 289, 292 (9th Cir. 1989).

Mr. Price first argues that Judge Ostby committed plain error by not

admitting his demand letter into evidence. It is readily apparent from the record that the Magistrate Judge was correct in concluding that it is currently unnecessary to admit the demand letter as evidence. This ruling is not contrary to law or clearly erroneous. Judge Ostby did not say the evidence would never be admitted, she just ruled that the evidence should not be submitted until it comes into question (for example, on a motion for summary judgment, at trial, or when requested by the Court). There is nothing currently pending before the Court for which the demand letter is relevant. Should motions be filed or should this matter proceed to trial, Mr. Price may offer his letter as evidence. But until that time, as Judge Ostby ordered, the Court is not a repository for Mr. Price's evidence.

Secondly, Mr. Price argues that Judge Ostby should be recused. However, Mr. Price offers no more than conclusory accusations that Judge Ostby has a personal bias or prejudice against him and in favor of Defendants. (Doc. 13 at 2.) Mr. Price bases this alleged bias entirely on Judge Ostby's prior rulings in this and other prior proceedings.

Judge Ostby correctly cited the substantive standard for recusal as "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." (Doc. 11 at 1-2 citing *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) (quotation

omitted)); 28 U.S.C. §§ 144, 455. Judge Ostby also correctly found that "judicial rulings alone almost never constitute valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 554-56, 114 S.Ct. 1147, 1157, 127 L.Ed.2d 474 (1994). Ordinarily, the alleged bias must stem from an "extrajudicial source." *Id.*

Mr. Price has not alleged any "extrajudicial source" for Judge Ostby's alleged bias. Just because this Court disagreed with portions of Judge Ostby's Findings and Recommendations does not mean that Judge Ostby is biased against Mr. Price. There is no evidence before this Court which suggests that her impartiality could reasonably be questioned.

Judge Ostby's conclusions are well-reasoned and supported by the legal authorities cited in her order. The Court does not find that Judge Ostby committed clear error or acted contrary to law in denying Mr. Price's motions.

Accordingly, it is HEREBY ORDERED that:

Price's Objection and Motion for Rehearing (Doc. 13) is denied. This matter will continue to be referred to Judge Ostby.

DATED this 17th day of September, 2014.

SUSAN P. WATTERS
United States District Judge

4