# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### BILLINGS DIVISION

| | |
|---|---|
| LEWIS PRICE III,<br><br>        Plaintiff,<br><br>vs.<br><br>CITY OF RED LODGE,<br>MONTANA,<br><br>        Defendants. | CV 14-00058-BLG-SPW-CSO<br><br><br>**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT** |

Plaintiff Lewis Price seeks damages for alleged violations of his due process rights in connection with the City Court of Red Lodge's issuance of a Permanent Order of Protection. *Cmplt. (ECF 2)*.[1]

This action was filed against the City of Red Lodge, Montana; Carbon County Montana; Jane/John Doe, Clerk at the Red Lodge City Court; Jane/John Doe, Clerk/Paralegal, Carbon County Attorney's Office; Jane/John Doe Clerk/Law Enforcement at the Carbon County Sheriff's Office; Jane/John Doe, Clerk/Law Enforcement at the City of

---

[1] "ECF" refers to the document as numbered in the Court's Electronic Case Files. *See The Bluebook, A Uniform System of Citation, § 10.8.3.* Citations to page numbers refer to those assigned by the electronic filing system.

Red Lodge/Carbon County, Montana; and the Red Lodge Police. *ECF 2 at 1, 5.* Waivers of service and Answers were filed by Carbon County, Montana (*ECF 15, 20*), the City of Red Lodge, the Clerk of Red Lodge, and the Red Lodge Police Department (*ECF 16, 19*).

Price made no other requests for other Defendants to be served and no other Defendants have been served. As such, Jane/John Doe, Clerk/ Paralegal, Carbon County Attorney's Office; Jane/John Doe Clerk/Law Enforcement at the Carbon County Sheriff's Office; and Jane/John Doe, Clerk/Law Enforcement at Carbon County, Montana have never been served in this matter and are recommended for dismissal pursuant to Rule 4. *See Fed. R. Civ. P. 4(c)(3)(*"At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 . . ."); *see also Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994) (acknowledging that in forma pauperis plaintiff is entitled to rely on the Marshals Service for service of process, but holding that plaintiff's failure to provide the

Service with sufficient information and failure to request that defendant be served amounted to a failure to show good cause) *overruled on other grounds by Sandin v. Conner*, 515 U.S. 472, 483–84 (1995).

Carbon County, Montana was dismissed by stipulation on June 16, 2015. *ECF 49, 50.* Accordingly, this matter remains pending against the City of Red Lodge, the Red Lodge Clerk, and the Red Lodge Police Department (hereinafter "Defendants").

This Court has federal question jurisdiction under 28 U.S.C. § 1331 because Price asserts a claim against Defendants under 42 U.S.C. § 1983 for alleged violations of his rights under the United States Constitution. This matter is assigned to Judge Watters and has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A)-(B). *December 11, 2014 Order (ECF 25).*

Having reviewed the record, together with the parties' arguments and submissions, the Court recommends that Price's motion for summary judgment (*ECF 48*) be denied, Defendants' motion for summary judgment (*ECF 36*) be granted, and this matter be dismissed.

# I.   BACKGROUND[2]

Price assaulted his girlfriend, Tabitha Olson, with a stun gun on

April 12, 2005.  *State v. Price*, 339 Mont. 399, 171 P.3d 293 (Mont.

2007).  On April 14, 2005, Tabitha Olson filed a Petition for a

Temporary Order of Protection in the Red Lodge City Court against

Lewis Price.  *Red Lodge Stmt of Undisputed Facts ("Red Lodge SUF")*

*(ECF 37) at* ¶ 1.  A hearing on Ms. Olson's Petition for a Temporary

Order of Protection (TOP) was held on April 14, 2005 in Red Lodge City

Court, with Judge Carol Anderson presiding.  *ECF 37 at* ¶ *3.*  Judge

Anderson found that Ms. Olson was in danger of harm and issued the

TOP immediately.  *ECF 37 at* ¶ 4.  The TOP prohibited Price from

assaulting, threatening, abusing, harassing, following or stalking Ms.

---

[2]Consistent with summary judgment standards discussed below,
the following facts are taken from the materials of record.  The Court
views the facts and inferences from them in the light most favorable to
Price as the non-moving party. *Matsushita Elec. Indus. Co. Ltd. v.
Zenith Radio Corp.*, 474 U.S. 574, 587-88 (1986); *Betz v. Trainer
Worthham & Co., Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007).  Price
failed to file a statement of disputed facts as required by Local Rule
56.1(b).  Pursuant to Local Rule 56.1(d), "[a] failure to file a statement
of disputed facts will be deemed an admission that no material facts are
in dispute."  In light of Price's pro se status, the Court will deem
Defendants' facts as undisputed to the extent they are not contradicted
by other parts of the record.

Olson, and prohibited Price from harassing, annoying or disturbing

several of Ms. Olson's close friends and family members, and prohibited

Price from going within 1500 feet of Ms. Olson's person, residence,

workplaces and their child's daycare. *ECF 37 at ¶ 6.* The TOP was set

to expire on May 5, 2005, at 5:00 p.m. *Price Aff. (ECF 2-1) at 19, ¶1;*

*TOP (ECF 37-1) at 18.* The TOP advised that a hearing would be held

on the TOP on May 5, 2005, at 4:00 p.m. in Red Lodge City Hall to

determine whether the TOP should be made an order of protection for a

specific time or effective permanently. *ECF 37 at ¶* 5.

After the April 14, 2005 hearing, the City of Red Lodge delivered

the TOP to the Carbon County Sheriff's Office. *ECF 37 at ¶* 7.

Yellowstone County Sheriff Jerry Weiland served the TOP and Order

Setting Hearing on Price on April 14, 2005. *ECF 37 at ¶ 8.* Price knew

there was a hearing on the TOP prior to the May 5, 2005 hearing date.

*ECF 37 at ¶* 11.

When the TOP was issued, Price was incarcerated at the

Yellowstone County Detention Center. While there, he wrote to the Red

Lodge City Court several times objecting to his daughter and the other

people being included on the TOP.  Before the May 5, 2005 hearing on the order of protection, Price was moved to the Anaconda Deer Lodge County Jail.  While there, Price wrote letters and called the Red Lodge City Court to make sure they knew of his whereabouts and to request transport to Red Lodge for the hearing.  *Price Aff. (ECF 2-1) at 19.* There is no evidence of Price's requests to be transported to the May 5, 2005 hearing in the Red Lodge City Court file or in the Yellowstone County Detention Center file.  *ECF 37 at ¶¶ 15, 16.*  Yellowstone County and the Anaconda-Deer Lodge Facility advised Price that he would need to get an order from the court in order to be transported to the hearing.  *ECF 37 at ¶* 13.  Price never petitioned any court to ask to be transported to the TOP hearing.  *ECF 37 at ¶ 14.* Price was not transported and was not present at any hearing on the Order of Protection.  *Price Aff. (ECF 2-1) at 19, ¶ 2-6; ECF 37 at ¶ 19.*

On May 5, 2005, a hearing was held in Red Lodge City Court before Judge Anderson to determine whether the April 14, 2015 TOP should be made permanent.  *ECF 37 at ¶* 17.  At the hearing, Judge Anderson heard evidence from Ms. Olson and found good cause existed

for the TOP to be made permanent. *ECF 37 at ¶* 20. Price was later advised by his attorney that Ms. Olson failed to appear for the hearing and the Order of Protection expired on May 5, 2005. *Price Aff. (ECF 2-1) at 19.*

After that hearing, the permanent order of protection ("POP") was sent to Yellowstone or Carbon County's Sheriff's Office for service on Price. That was the Red Lodge City Court's standard procedure. *ECF 37 at ¶* 21. Price was never served with a permanent Order of Protection. *Price's S.Crt Opening Appellant Brief at 3 (ECF 2-1) at 39.*

The information contained in a TOP issued by Red Lodge City Court was entered into the National Crime Information Center ("NCIC") database by the Carbon County Sheriff's Office. *ECF 37 at ¶* 22. On December 6, 2012, Price first became aware that a permanent Order of Protection was entered on the National Crime Information NCIC. *Cmplt. (ECF 2) at 6.*

## II.   <u>ALLEGATIONS IN THE COMPLAINT</u>

It is difficult to isolate what allegations are actually pending in this action as Price's theory of the case is different in his Complaint

(*ECF 2*) from his motion for summary judgment (*ECF 48*). Liberally construing Price's pleadings and motions, the following claims are pending:

1.  Defendants failed to provide Price with notice of the hearing on the TOP. *Cmplt. (ECF 2) at 6.*

2.  Defendants failed to transport Price to the hearing. *Id.*

3. Defendants failed to serve Price with a copy of the permanent order of protection. *Id.*

4.  Defendants entered the permanent order of protection into NCIC. *Id.*

5.  Judge Anderson did not have jurisdiction to issue a permanent order of protection. *Price's MSJ (ECF 48).*

## III.  <u>PARTIES' ARGUMENTS</u>

Defendants argue they are entitled to summary judgment on Price's claims because they did not violate Price's procedural due process rights. They argue that after the TOP was issued against Price, Red Lodge provided Price with notice of the hearing on the TOP and conducted the hearing. Red Lodge had no statutory or constitutional

duty to transport Price to the TOP hearing. Red Lodge's duty was only to set a hearing, provide notice to Price, and conduct the hearing, all of which Red Lodge did. Thus, there is no legal basis for Price's claims against Red Lodge.

Price argues that Judge Anderson is the party responsible for violating his civil rights. (ECF 48 at 1.) He also argues that a city court lacks jurisdictional authority to make a TOP permanent. He contends he was deprived of his due process right to be present at the hearing on the permanent order of protection. He argues that the City of Red Lodge is liable because Judge Anderson had final decision making authority and abused that position. He alleges that he has been denied communication with his only child for ten years.[3] *ECF 48.*

---

[3]Price was first made aware that there was a permanent order of protection on December 6, 2012. *Complt. (ECF 2) at 6; Nixon Ltr (ECF 2-1) at 13.* Prior to that date, he had been writing to his daughter and had been required to do so by a court ordered treatment plan. *August 16, 2006 Treatment plan (ECF 2-1) at 7-12; Price Aff. (ECF 2-1) at 20, ¶ 10; Price Depo. (ECF 40-3) at 9, depo page 34.* The Order of Protection was removed from NCIC on August 13, 2014. *Carbon Cty Stmt of Undisputed Facts (ECF 40) at 23.* Thus, at most, Price was denied communication with his child from December 6, 2012 until August 13, 2014.

## IV. LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of informing the Court of the basis for its motion and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).

The purpose of summary judgment is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)(quotation omitted). In resolving a summary judgment motion, the evidence of the opposing party is to be believed. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). All reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the opposing party. *Matsushita*, 475 U.S. at 587

(citation omitted).

The movant's burden is satisfied when the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Where the moving party has met its initial burden, the party opposing the motion "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id*. at 248 (internal quotation marks omitted).

V. **DISCUSSION**

A. **Notice of May 5, 2005 Hearing on TOP and POP Orders**

Price alleges in his Complaint that he was not notified of the May 5, 2005 hearing on the order of protection. *ECF 2 at 6*. Defendants, however, presented a return of service showing that Price was in fact served with the temporary order of protection and order setting hearing on April 14, 2005 at 2:50 p.m. *Sheriff's Return of Service (ECF 37-1) at 19*. In his own affidavit Price states that he wrote letters from the Yellowstone County Detention Facility and from the Anaconda Deer Lodge County Jail objecting to the TOP. *ECF 2-1 at 19*. Defendants

presented evidence that on April 24, 2005, Price asked the Yellowstone County Detention Facility to call his attorney and tell him that Price wanted to be at the May 5, 2005 hearing. *YCDF documents (ECF 37-2) at 52*. Given the abundance of undisputed evidence that Price received notice of the May 5, 2005 hearing, his claim that his constitutional rights were violated based upon a lack of notice are frivolous.

### B. Failure to Transport to Hearing

There are several problems with Price's claim that his constitutional rights were violated when he was not transported to the May 5, 2005 hearing. First, while he contends he called and wrote to the Clerk of Court's office regarding being transported for this hearing, he admits that he never filed a petition with the Court asking to be transported for the order of protection hearing. *Price Depo. (ECF 40-3) at 17, depo page 54*. Only a court would have the authority to order Price be transported to the hearing.

Secondly, ultimately, the failure to transport Price for the hearing and conducting the hearing without him present goes to the validity/propriety of the order of protection. This Court initially

recommended that this matter be dismissed based upon the *Rooker Feldman* doctrine. Judge Watters disagreed to the extent that Price was raising claims that the permanent order of protection was erroneously entered into NCIC. Those claims will be addressed below. But in light of Price's arguments in his motion for summary judgment, it is necessary to reexamine the contours of the *Rooker Feldman* doctrine and how they apply this case. Because the *Rooker Feldman* doctrine is jurisdictional, the Court can raise it at any time. *See Fed.R.Civ.P. 12(h) (3)* ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.")

Federal district courts do not have appellate jurisdiction over state court judgments. *See* 28 U.S.C. § 1257; *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283 (2005). The *Rooker– Feldman* doctrine forbids a losing party in state court from filing suit in federal district court complaining of an injury caused by a state court judgment, and seeking federal court review and rejection of that judgment. *Skinner v. Switzer*, 562 U.S. 521, 531 (2011) (holding that "a state-court decision is not reviewable by lower federal courts, but a statute or rule

governing the state court decision may be challenged in a federal action").  This jurisdictional bar extends to actions that are de facto appeals from state court judgments in that the federal claims "are inextricably intertwined with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules."  *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008).

The *Rooker–Feldman* doctrine precludes federal subject-matter jurisdiction over claims involving state court judgments when four factors are met.  First, the plaintiff must have lost in the state court.  Second, the state court judgment must have been rendered before the filing of the federal claim.  Third, the plaintiff must complain of injuries caused by the state court judgment.  Finally, the plaintiff's complaint must invite the district court to review and reject the judgment of the state court.  *Exxon Mobil Corp.*, 544 U.S. at 284.

There is no dispute that a permanent order of protection was issued by Judge Anderson on May 5, 2005.  *See Anderson Aff. (ECF 37-

*1) at ¶ 14.* This Court does not have jurisdiction to determine the validity of that state court order. Price lost in state court, that order was rendered before the filing of this federal lawsuit, and he was injured by the state court judgment. As such, this Court does not have jurisdiction to review and determine the validity of that judgment or issues inextricably intertwined with that decision. Whether Price's due process rights were violated because he was not transported to the hearing on the order of protection or received notice of that hearing is inextricably intertwined with Judge Anderson's decision to make the order of protection permanent.

In addition, Price's claims regarding the validity of the order of protection are barred by the doctrine of issue preclusion. Issue preclusion applies where the following four elements are satisfied:

> 1. Was the issue decided in the prior adjudication identical to the issue raised in the action in question?
> 2. Was there a final judgment on the merits in the prior adjudication?
> 3. Was the party against whom preclusion is now asserted a party or in privity with a party to the prior adjudication?
> 4. Was the party against whom preclusion is now asserted afforded a full and fair opportunity to litigate the issue which may be barred?

*McDaniel v. State*, 2009 MT 159, ¶ 28, 350 Mont. 422, 208 P.3d 817.

Price filed a Motion to Dismiss the Order of Protection and to Correct information on NCIC in the Red Lodge City Court on March 6, 2013. *May 20, 2013 Ord. dismissing Appeal (ECF 2-1) at 18.* On March 13, 2013, the City Court denied Price's motion finding, "no evidence of or support for Mr. Price's contention that the Order of Protection in question has expired" and that there was "no merit in the claim asserted." *Id.*

Price contends he did not receive a copy of the March 13, 2013 Order. He alleges that on April 10, 2013, after he did not receive a timely response to his motion, he wrote a letter to the City Court asking for a ruling. On April 19, 2013, Price received a response from the Red Lodge City Court and a copy of the Court's March 13, 2013 Order denying his motion. *Price Affidavit filed in Support of Out of Time Appeal of Red Lodge City Court's Failure to Dismiss Cause No. CV-2005-13-OP (ECF 2-1) at 22.*

Price sent a notice of appeal to the Carbon County District Court on April 21, 2013, but it was returned by the Clerk of Court on April 25,

2013 because it was filed in the wrong court. *April 25, 2013 letter from Carbon County Clerk (ECF 2-1) at 15; Price Aff. ¶ 8 (ECF 2-1) at 22.* Price re-mailed the notice of appeal to the Red Lodge City Court and his notice of appeal was filed on May 3, 2013. *Price Aff. ¶ 8 (ECF 2-1) at 22; May 3, 2013 ltr from Carbon Cty Clerk (ECF 2-1) at 16.*

On May 20, 2013, Carbon County District Judge Blair Jones issued an Order dismissing Price's Notice of Appeal of Red Lodge City Court's Failure to Dismiss or Amend Order of Protection. *May 20, 2013 Ord dismissing Appeal (ECF 2-1) at 18.* The district court found that Price's May 3, 2013 appeal was untimely because the time to appeal the March 13, 2013 City Court Order expired on April 12, 2013. *Id.*

Price filed a Notice of Appeal in the Montana Supreme Court on June 18, 2013. *Olson v. Price*, Montana Supreme Court Case No. DA 13-0413. He filed his opening brief on July 24, 2013 but on August 10, 2013, he filed a Motion to Dismiss his Appeal without Prejudice. *Motion to Dismiss Appeal (ECF 2-1) at 53.* The Motion indicated that his minor child had been removed from the custody of Ms. Olson and since those issues were inextricably intertwined with the issues in the

appeal, "it would only be fair to allow the lower Courts the opportunity to address the mental, emotional, and physical torture . . . endured by this Respondent and Appellant's minor child." *Id.* Price's Motion was granted on August 27, 2013, and the appeal was dismissed without prejudice. *S.Ct Ord. (ECF 2-1) at 54.*

On March 5, 2014, Price filed a petition for out-of-time appeal with the Montana Supreme Court seeking to again appeal the May 2013 district court order dismissing his appeal from the City Court order refusing to dismiss the 2005 permanent order of protection. The Montana Supreme Court denied the petition. *S.Crt Order dated March 25, 2014 (ECF 2-1) at 70-71.*

To the extent Price is attempting to challenge the propriety of the order of protection, this is the same issue raised in his March 6, 2013 motion to dismiss the order of protection. The City Court issued a final judgment on the merits regarding the propriety of the order of protection on March 13, 2013, finding, "no evidence of or support for Mr. Price's contention that the Order of Protection in question has expired" and that there was "no merit in the claim asserted." *May 20, 2013*

*Order dismissing Appeal (ECF 2-1) at 17-18.* Price was a party to that action and he had a full opportunity to litigate the issue bringing the issue up on appeal to the Montana Supreme Court twice. This Court may not revisit the propriety of the order of protection, including whether he should have been transported to the hearing or if he received a copy of the permanent order of protection.[4] The propriety of the order of protection was decided by the City Court, Price had a full opportunity to litigate this issue in state court, he attempted to appeal the issue and failed.

## C. Entry of the POP into NCIC

As Judge Watters noted in her August 22, 2014 Order, Price alleged in his Complaint that the order of protection was wrongfully entered into the NCIC computer. *Order rejecting Findings and*

---

[4]The alleged failure to serve Price with a copy of the permanent order of protection does not appear to have been the responsibility of any of the defendants named in this action. Judge Anderson testified by affidavit that after the hearing, the permanent order of protection was sent to Yellowstone or Carbon County's Sheriff's Office for service on Price pursuant to Red Lodge City Court's standard procedure. *Anderson Affidavit (ECF 37-1) at 4.* There is no evidence in the record to suggest that the Red Lodge Clerk of Court or the Red Lodge Police Department were responsible for service of that order upon Price.

19

*Recommendations (ECF 7) at 7.* However, it is undisputed that the Order of Protection was entered into the NCIC by employees of the Carbon County Sheriff's Office and not by any of the remaining defendants in this case. *Red Lodge Statement of Undisputed Facts (ECF 37) at ¶ 22; Westhaeffer Depo. (ECF 37-4) at 3.*

### D. Jurisdiction to Issue a Permanent Order of Protection

In his Motion for Summary Judgment, Price asserts that Judge Anderson is responsible for his alleged constitutional rights. *Price's MSJ (ECF 48).* Judges, however, are absolutely immune from liability for their judicial acts. *Butz v. Economou*, 438 U.S. 428 (1978); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Therefore, even if Judge Anderson were named as a defendant in this action, she has judicial immunity for any acts committed within her judicial jurisdiction. *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967).

To the extent Price is attempting to hold the City of Red Lodge responsible for Judge Anderson's actions, his motion for summary judgment fails. Municipalities may be held liable as "persons" under 42 U.S.C. § 1983, but not for the unconstitutional acts of their employees

based solely on respondeat superior. *Monell v. Dept. of Social Services of New York*, 436 U.S. 658, 691 (1978). Rather, a plaintiff seeking to impose liability on a municipality under § 1983 is required "to identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (*citing Monell*, 436 U.S. at 694; *Pembaur v. Cincinnati*, 475 U.S. 469, 480–81 (1986); and *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). Thus, to state a claim under Section 1983, a plaintiff must allege: (1) that the plaintiff possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the violation. *Plumeau v. Sch. Dist. No. 40 Cnty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). A *Monell* claim can take one of three forms: (1) when official policies or established customs inflict a constitutional injury; (2) when omissions or failures to act amount to a local government policy of 'deliberate indifference' to constitutional rights; or (3) when a local government official with final policy-making authority ratifies a subordinate's

unconstitutional conduct. *Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1249–50 (9th Cir. 2010)).

Price attempts to argue that the City of Red Lodge had a custom, policy or practice of allowing city court judges to issue permanent orders of protection without jurisdiction. Again, this claim appears to be barred by the *Rooker Feldman* doctrine and collateral estoppel as set forth above. To the extent that it is not, the City Court has jurisdiction to issue such orders. *See* Mont. Code Ann. § 40-15-301(1) ("District courts, justices' courts, municipal courts, and city courts have concurrent jurisdiction to hear and issue orders under 40-15-201"). Mont. Code Ann. § 40-15-301. This Court may not revisit the propriety of the permanent order of protection.

Price cites to a number of cases for the proposition that only a district court has jurisdiction to issue a permanent order of protection. Those cases, however, are all cases where it happened to be a district court issuing the order of protection. The cases refer to a district court's jurisdiction to issue orders of protection but they do not limit jurisdiction to only a district court. The statute still authorizes justice

courts, municipal courts, and city courts to do so.

## VI.  CONCLUSION

It is undisputed that Price received notice of the May 5, 2005 hearing and that he did not file a motion or petition a court seeking transport to the May 5, 2005 hearing.  In addition, the Court does not have jurisdiction to evaluate the propriety of the City Court's judgment. Price already had an opportunity to challenge that ruling on appeal. Any claims challenging the propriety of the order of protection are barred by *Rooker Feldman* and issue preclusion.  The failure to serve notice of the order of protection and entry of the order of protection into NCIC has not been associated with any of the remaining defendants in this action.  Finally, Judge Anderson is entitled to judicial immunity and the City of Red Lodge cannot be held liable because Judge Anderson had jurisdiction to issue such an order.

Price has failed to present sufficient evidence to overcome Defendants' motion for summary judgment and his motion fails as a matter of law.

Based on the foregoing, IT IS RECOMMENDED that:

1. Defendants Jane/John Doe, Clerk/ Paralegal, Carbon County Attorney's Office; Jane/John Doe Clerk/Law Enforcement at the Carbon County Sheriff's Office; and Jane/John Doe, Clerk/Law Enforcement at Carbon County, Montana be DISMISSED as they have not been served in this action;

2. Price's Motion for Summary Judgment (*ECF 48*) be DENIED;

3. The Red Lodge Defendants' Motion for Summary Judgment (*ECF 36*) be GRANTED and this matter be dismissed;

4. The Clerk of Court be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure; and

5. The Clerk of Court be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may file objections to these Findings and

Recommendations within fourteen (14) days after service (mailing) hereof.[5]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 30th day of September, 2015.


_/s/ Carolyn S. Ostby_
United States Magistrate Judge

---

[5]As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.