IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION



OCT 30 2015

| | |
|---|---|
| LEWIS PRICE III,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF RED LODGE, MONTANA, et al.,<br><br>Defendants. | CV 14-58-BLG-SPW<br><br>OPINION and ORDER |

Both Plaintiff Lewis Price III and Defendant City of Red Lodge, Montana ("Red Lodge") have moved for summary judgment. Before the Court are the Findings and Recommendations issued by United States Magistrate Judge Carolyn Ostby. Judge Ostby recommends that this Court grant Red Lodge's motion and deny Price's motion. Price timely objected and is therefore entitled to de novo review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). For reasons discussed below, this Court adopts Judge Ostby's Finding and Recommendations in full. Because the parties are familiar with the procedural and factual background of this case, it will not be restated here.

In his objection, Price argues that Red Lodge City Court Judge Anderson had an obligation to ensure his presence at the hearing to determine whether the

1

temporary order of protection should be made permanent. Price also argues that Red Lodge is liable for the City Court's failure to transport him for the hearing.

Even if the Red Lodge City Court committed legal error in the proceedings, this Court is unable to provide a remedy to Price. Judge Ostby correctly concluded that judicial immunity bars any claim against Judge Anderson. Judicial officers cannot be held liable in civil actions, "even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)). Judicial immunity has only two recognized exceptions: (1) actions not taken in a judicial capacity, and (2) actions taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "A clear absence of all jurisdiction means a clear lack of all subject matter jurisdiction." *Mullis v. U.S. Bankr. Ct. for Dist. of Nevada*, 828 F.2d 1385, 1389 (9th Cir. 1987). Even "[g]rave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

The undisputed facts show that neither of the exceptions to judicial immunity applies. First, Judge Anderson was acting in a judicial capacity. Second, Judge Anderson was acting within her jurisdiction when she held the hearing. "District courts, justices' courts, municipal courts, and city courts have

concurrent jurisdiction to hear and issue" orders of protection. Mont. Code Ann. § 40-15-301(1). Since none of the exceptions are met, Judge Anderson cannot be subjected to a civil suit for any error that occurred in relation to the hearing. If Price believed that Judge Anderson committed legal error, his proper remedy was to appeal Judge Anderson's ruling.

In addition, Red Lodge cannot be held vicariously liable for any legal error committed by Judge Anderson. As Judge Ostby stated, under 42 U.S.C. § 1983, a municipality cannot be held vicariously liable for unconstitutional acts committed by their employees based solely on their employer-employee relationship. *Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997). Instead, "a plaintiff seeking to impose liability on a municipality under § 1983 [must] identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Id.* Price does not identify such a policy or custom. In his motion, the only custom cited by Price is that the Red Lodge City Court has made many temporary orders of protection permanent after a hearing. As mentioned above, this is allowed under Montana law. Mont. Code Ann. § 40-15-301(1).

After a de novo review, this Court does not find that Judge Ostby erred in the Findings and Recommendations. Accordingly, IT IS HEREBY ORDERED:

1. Judge Ostby's Findings and Recommendations (Doc. 55) are ADOPTED IN FULL.

2. Defendants Jane/John Doe, Clerk/Paralegal, Carbon County Attorney's Office; Jane/John Doe Clerk/Law Enforcement at the Carbon County Sheriff's Office; and Jane/John Doe, Clerk/Law Enforcement at Carbon County, Montana are DISMISSED as they have not been served in this action.

3. Price's Motion for Summary Judgment (Doc. 48) is DENIED.

4. Red Lodge's Motion for Summary Judgment (Doc. 36) is GRANTED and this matter is DISMISSED.

5. The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

6. The Clerk of Court shall have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

DATED this 29th day of October, 2015.

SUSAN P. WATTERS
United States District Judge